UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN A. SEBESTYEN,

        Plaintiff,

v.

LEIKIN, INGBER & WINTERS, P.C., and
PAUL M. INGBER,

        Defendants.

Case No. 13-cv-15182

Hon. Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE

Prompted by a debt collection notice she received, Plaintiff Carolyn A. Sebestyen filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, against Defendants Leikin, Ingber & Winters, P.C. ("LIW") and Paul M. Ingber ("Ingber") (collectively, "Defendants") on December 20, 2013. In addition to seeking class relief, Plaintiff's Complaint requests statutory damages, as well as attorney's fees, costs, and expenses.

Less than two months after Plaintiff instituted the present action, Defendants made Plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Plaintiff did not accept the offer and subsequently filed a class certification

motion pursuant to Rule 23.  Approximately one month after Plaintiff filed her Rule 23 motion, Defendants filed a motion to dismiss under Rule 12(b)(1) or, in the alternative, a motion for summary judgment pursuant to Rule 56.[1]  These two motions, which have been fully briefed and were the subject of a motion hearing on December 8, 2014, are presently before the Court.

For the reasons that follow, the Court concludes that Defendants' Rule 68 offer of judgment rendered this action moot.  Accordingly, under *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), the Court shall enter judgment in Plaintiff's favor in accordance with the terms set forth in Defendants' offer, and dismiss the case as moot.  The Court retains jurisdiction over the present dispute in the event the parties cannot agree on the costs and fees to be paid under the Rule 68 offer.  Because Plaintiff's individual and class claims are moot, the Court denies Plaintiff's motion for class certification without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

LIW is a Michigan professional service corporation engaged in the business of collecting consumer debts.  (Compl. ¶ 4.)  Ingber is an attorney who regularly files debt collection lawsuits against consumers.[2]  (*Id.* ¶ 5.)  On January 26, 2013,

---

[1] The Court construes Defendants' Motion as a motion for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).

[2] Plaintiff does not allege that Ingber acted in his individual capacity as opposed to in his capacity as an agent for LIW.  Rather, Plaintiff's Complaint

LIW sent Plaintiff a demand letter seeking to collect an alleged debt ("Notice").[3] (*Id.* ¶ 13.)  The Notice, which was signed by Ingber, states that Plaintiff owes a debt to William Beaumont Hospital in the amount of $6,839.35.[4]  (*Id.* ¶¶ 14-15.)

The portion of the Notice to which Plaintiff objects provides: "This debt will be assumed to be valid unless you dispute the validity of the debt or any portion thereof, within 30 days after you receive this letter."  (Notice, Defs.' Mot. Ex. A, ECF No. 15-1.)  As Plaintiff alleges in her Complaint, this statement does not comport with the statutory requirement that a debt collection notice must contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the *by the debt collector*."  (Compl. ¶ 20 (quoting 15 U.S.C. § 1692g(a)(3) (emphasis added)).)

---

appears to contend that LIW is vicariously liable for Ingber's conduct because he acted within the scope of his employment or with authorization.  (Compl. ¶¶ 10-11.)  The Court notes, however, that employees and owners of a law firm may be held personally liable for violations of the FDCPA provided they individually satisfy the statute's definition of a "debt collector."  *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 435-38 (6th Cir. 2008).

[3] Although Plaintiff indicates in her Complaint that a copy of the Notice is attached as Exhibit A, it appears as though counsel neglected to attach the document.  (Compl. ¶ 17.)  Defendants have, however, supplied the Court with a copy of the Notice.  (Notice, Defs.' Mot. Ex. A, ECF No. 15-1.)

[4] As counsel indicated at the motion hearing, Plaintiff has since paid the debt in full.

The crux of Plaintiff's lawsuit is that the omission of the phrase "by the debt collector" renders the language susceptible to misinterpretation by the "least sophisticated consumer." *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009). For instance, without the inclusion of the "by the debt collector" phrase, "it is possible that the consumer would not know that the debt collector is the only entity entitled to assume the validity of the debt, or that the collection is based on a temporary fiction that the debt is valid." (Pl.'s Resp. 8.)

As relief for the purported FDCPA violation, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the putative class, and against LIW and Ingber, and seeks the following relief:

a.    An Order certifying this class action lawsuit;
b.    Statutory Damages pursuant to 15 U.S.C. § 1692k;
c.    Attorney's fees, litigation expenses and costs of the instant suit; and
d.    Such other or further relief as the Court deems proper.

(Compl.)

On February 14, 2014, Defendants served Plaintiff with an offer of judgment ("Offer") pursuant to Federal Rule of Civil Procedure 68. (2/14/14 Offer, Defs.' Mot. Ex. B, ECF No. 15-2.) This Offer "allows judgment to be taken against Defendants and in favor of Plaintiff on the following terms:"

1.    Defendants shall pay Plaintiff the total amount of Two Thousand One and 00/100 Dollars ($2,001.00) in full and final satisfaction of any and all damages sought from Defendants in this action.

4

2.    Defendants shall also pay an additional amount for reasonable attorney's fees and costs incurred by Plaintiff in this action. Such fees and costs shall be in an amount agreed to by the parties, or if they are unable to agree, as determined by the Court upon Motion.

3.    The judgment entered in accordance with this Offer shall be in total settlement of any and all claims by Plaintiff against Defendants and their current and former employees, owners and agents.

4.    Nothing in this Offer shall be construed to be an admission of liability. Defendants expressly deny liability for the doubtful and disputed claims set forth in this action and submit this Offer for the sole purpose of saving litigation expenses.

5.    If this Offer is not accepted by Plaintiff within fourteen (14) days after the date of service of the Offer as set forth below, the Offer shall be deemed withdrawn . . . .

(*Id.*)  Plaintiff failed to accept the Offer within the fourteen days provided, and thus, by operation of both the Offer and Federal Rule of Civil Procedure 68, the Offer was withdrawn. Fed. R. Civ. P. 68(b).

Plaintiff instituted the present action on December 20, 2013.  Defendants answered Plaintiff's Complaint on February 14, 2014, the same date Plaintiff was served with the Rule 68 Offer.

On June 16, 2014, Plaintiff filed a class certification motion pursuant to Federal Rule of Civil Procedure 23.  (ECF No. 11.)  Defendants filed a motion to dismiss or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56 on July 15, 2014.  (ECF No. 14.)  A few days

5

before the December 8, 2014 motion hearing, Plaintiff filed supplemental authorities, specifically, two cases from the United States Court of Appeals for the Eleventh Circuit.

## II.    GOVERNING LEGAL STANDARD [5]

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) fall into two categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  The Sixth Circuit has described these two categories of motions:

> A *facial* attack is a challenge to the sufficiency of the pleading itself.  On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.* (internal citations omitted) (emphasis in original).  This dispute implicates the factual existence of subject matter jurisdiction.

---

[5] As should be evident by the legal standard set forth in this section, the Court construes Defendants' Motion as a motion for lack of subject matter jurisdiction pursuant to Rule 12.  Given the Court's analysis, it is unnecessary to analyze the motion as one for summary judgment pursuant to Rule 56.

A plaintiff bears the burden of demonstrating that a court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1986) (citation omitted).

The Court notes that although a Rule 12(b)(1) motion is technically not the correct procedural vehicle to challenge subject matter jurisdiction where a defendant has already filed an answer,[6] Federal Rule of Civil Procedure 12(b)(3) permits, and indeed mandates, dismissal of a civil action if "the court determines at

---

[6] Rule 12(b) governs the presentation of defenses, providing, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b). Here, Defendants filed an answer before raising the jurisdictional challenge. This does not end the matter, however. Rule 12(h)(1) sets forth the various defenses that may be waived by failing to assert them in a responsive pleading or motion; implicitly recognizing that parties cannot consent to federal subject matter jurisdiction due to its constitutional origin, Rule 12(b)(1) motions are excluded. Indeed, Rule 12(h)(3) explicitly provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

any time that it lacks subject-matter jurisdiction[.]"  "Except for the pre-answer

limitation on Rule 12(b)(1) motions, the distinction between a Rule 12(b)(1)

motion and a Rule 12(h)(3) motion is largely academic, and the same standards are

applicable to both types of motions."  *Lary v. Rexall Sundown, Inc.*, No. 13-CV-

5769-SJF, 2015 U.S. Dist. LEXIS 16733, at *32 (E.D.N.Y. Feb. 10, 2015)

(unpublished) (internal quotation marks and quotations omitted).

### III.   ANALYSIS

Defendants contend that the Court should dismiss the action for lack of

subject-matter jurisdiction under Rule 12(b)(1) on the basis that the Rule 68 Offer,

which was made prior to Plaintiff's class certification motion, offered Plaintiff

every form of individual relief sought in her Complaint, thereby mooting her case.

In the alternative, Defendants seek summary judgment on the merits of Plaintiff's

FDCPA claim, arguing that the Notice sufficiently apprised Plaintiff of her rights

as a debtor.  Because the Court finds the first line of argumentation dispositive, it

need not, and indeed it may not, address the second.  *See Flast v. Cohen*, 392 U.S.

83, 96, 88 S. Ct. 1942, 1950 (1968) ("And it is quite clear that 'the oldest and most

consistent thread in the federal law of justiciability is that the federal courts will

not give advisory opinions.'" (quoting C. Wright, Federal Courts 34 (1963)).[7]

---

[7] As the Court explained in *Flast*, "[t]he rule against advisory opinions was
established as early as 1793, *see* 3 H. Johnston, Correspondence and Public Papers
of John Jay 486-489 (1891), and the rule has been adhered to without deviation.

8

**A.      Subject Matter Jurisdiction and the Mootness Doctrine**

"Article III of the United States Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies,' U.S. Const. art. III, § 2, cl. 1, 'a cradle-to-grave requirement' that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case, *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011)." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 566-67 (6th Cir. 2013). One function of this case or controversy requirement is to limit federal jurisdiction to actions in which a litigant is able to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome" of the case. *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S. Ct. 1523, 1528 (2013) (quoting *Camreta v. Greene*, 563 U.S. __, 131 S. Ct. 2020, 2028 (2011)). "If after filing a complaint the claimant loses a personal stake in the action, . . . the case must be dismissed as moot." *Hrivnak*, 719 F.3d at 567.

**B.      Rule 68 Offer of Judgment and the Mootness Doctrine**

Federal Rule of Civil Procedure 68 provides, in relevant part: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Defendants claim that their unaccepted Rule 68

*See United States v. Fruehauf*, 365 U.S. 146, 157 (1961), and cases cited therein." *Flast*, 392 U.S. at 97 n.14, 88 S. Ct. at 1951 n.14.

Offer had the effect of mooting this entire action – Plaintiff's individual and yet-to-be-certified class claims included – because it offered Plaintiff all the individual relief she sought in her Complaint, including her requests for statutory damages pursuant to 15 U.S.C. § 1692k and for attorney's fees, costs, and expenses.

"To moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* [s]he has asked for as an individual." *Hrivnak*, 719 F.3d at 567 (emphasis in original).  This rule is predicated upon the notion that once a defendant offers to satisfy a plaintiff's "entire demand," there is no dispute over which to litigate.  *Id.* (quoting *O'Brien*, 575 F.3d at 574 and citing *Zinni v. E.R. Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).  Notably, a plaintiff need not accept an offer to moot a case; rather, "mootness occurs . . . [when] the defendant offers to provide every form of individual relief the claimant seeks in the complaint."  *Hrivnak*, 719 F.3d at 568.[8]

This principle is illustrated by *Hrivnak*, a case in which the plaintiff filed a lawsuit pursuant to the FDCPA and the State of Ohio analogue.  The defendants

---

[8] While the Supreme Court has not "resolve[d] the question whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action, . . . we note that Courts of Appeals on both sides of that issue have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent."  *Genesis Healthcare*, 133 S. Ct. at 1529 n.4.

made a Rule 68 offer of judgment to the plaintiff, who rejected the offer. On appeal, the court examined the impact of the offer of judgment on the justiciability of the plaintiff's claims. The court held that the defendants' offer of judgment did not moot the plaintiff's claims because the plaintiff "asked for more than $25,000, reasonable attorneys fees and injunctive and declaratory relief. Yet the defendants offered him $7,000 plus costs and attorneys fees. That was it." *Id.* Simply stated, the defendants did not offer complete relief.

Unlike in *Hrivnak*, where the defendants offered only a fraction of the relief requested by the plaintiff, Defendants in this case demonstrated a "willingness to meet" Plaintiff "on h[er] terms." *Id.* at 567 (citing *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005)). Plaintiff sought the following individual relief in her Complaint: (1) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), which are not to exceed $1,000; (2) attorney's fees, litigation expenses, and costs of the lawsuit pursuant to § 1692k(a)(3); and (3) the entry of judgment in favor of Plaintiff and against Defendants. In February 2014, Defendants offered Plaintiff $2,001.00 and reasonable attorney's fees, litigation expenses, and costs to be determined by the parties (and, if the parties prove unable to resolve the fees and costs, upon the filing of a motion in this Court). In addition, the Offer provided that judgment would be entered in favor of Plaintiff and against Defendants.

11

Despite the appearance of complete relief offered by Defendants, Plaintiff contends that Defendants' Offer was less valuable than the possible eventual judgment Plaintiff could obtain if her case proceeded to trial.  (Pl.'s Resp. 3-4.) This is because Defendants "conditioned their Rule 68 offer on Plaintiff's granting of a release of 'any and all claims by Plaintiff against Defendants and their current and former employees, owners and agents.'"  (*Id.* at 3 (quoting Offer ¶ 3).)  Citing an unpublished case from the Eleventh Circuit, Plaintiff contends that "[o]bligating the plaintiff to grant a blanket release as a condition of accepting an offer of judgment renders that offer less valuable than an eventual judgment for the same monetary amount but without the release condition."  (*Id.* (citing *Danow v. Law Office of Davie E. Borack, P.A.*, 367 F. App'x 22 (11th Cir. 2010) (per curiam))[9].) Further, according to Plaintiff, because the Offer does not identify LIW's current and former employees, owners, and agents, the Offer "contains an unreasonable condition and violates the requirement that Rule 68 offers be unconditional."  (*Id.* at 3-4 (internal quotation marks and citations omitted).)

The Court is not persuaded by these arguments, namely because principles of *res judicata*, not to mention the FDCPA's one year statute of limitation, 15 U.S.C. § 1692k(d), would preclude Plaintiff from filing another lawsuit based on

---

[9] As Defendants point out, *Danow* is of limited value here.  *Danow* involved the propriety of an attorney's fee award in a FDCPA case with a Rule 68 offer of judgment.  The Eleventh Circuit's analysis of the Rule 68 offer in that case had nothing to do with the threshold jurisdictional question presently before the Court.

the same Notice received in this action.  Therefore, Plaintiff could not sue any
other individuals (current of former employees, owners, or agents of LIW) even if
the condition was not explicitly incorporated into Defendants' Offer.  Further, the
entry of judgment as set forth in the Offer would extinguish any other claims
Plaintiff had against Defendants in connection with the Notice at issue.  In other
words, the Court rejects Plaintiff's contention that Defendants' Offer "is facially
defective" because it "forces Plaintiff to surrender rights she would otherwise not
surrender if she were to obtain a judgment against Defendants."

     In short, Defendants offered Plaintiff complete relief.  Once Defendants did,
Plaintiff lost her personal stake in the litigation.  The Court concludes that
Defendants' Offer, which offered to provide Plaintiff with all of the individual
relief sought in her prayer for relief, rendered this case moot.  *Hrivnak*, 719 F.3d at
567 ("To moot a case or controversy between opposing parties, an offer of
judgment must give the plaintiff *everything* he has asked for as an individual.")
(emphasis in original); *O'Brien*, 575 F.3d at 574 ("We agree with the Seventh
Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand
moots the case.").  Following *O'Brien*, the Court will enter judgment in favor of
Plaintiff in accordance with Defendants' Rule 68 Offer.  *O'Brien*, 575 F.3d at 575.

     Before proceeding to analyze the interaction between the Court's finding of
mootness with respect to Plaintiff's individual claims and Plaintiff's desire to

13

represent a class of similarly-situated individuals, the Court addresses Plaintiff's contentions regarding Justice Kagan's dissent in *Genesis Healthcare*, 133 S. Ct. 1523. In *Genesis Healthcare*, the plaintiff brought a "collective action" on her own behalf, and on behalf of other similarly situated employees, against her employer for violating the Fair Labor Standards Act. Simultaneous with its answer and before any other plaintiffs had opted in, the defendant made a Rule 68 offer of judgment in the amount of $7,500 plus reasonable attorney's fees, contingent upon the offer being accepted in ten days. The district court recognized that the plaintiff had let the offer lapse – as Plaintiff did in this case – but granted the defendant's motion to dismiss for lack of subject matter jurisdiction. On appeal, the United States Court of Appeals for the Third Circuit, among other things, ruled that the plaintiff's individual claim was moot. The case eventually reached the Supreme Court of the United States. In a 5-4 decision, the majority noted that the plaintiff had conceded in the trial court that "an offer of complete relief will generally moot [a] claim." *Id.* at 1529. Due to this concession, the majority expressly declined to reach the mootness issue, and assumed without deciding that a plaintiff's claim will become moot following an unaccepted Rule 68 offer of judgment that would provide the plaintiff with complete relief. *Id.* at 1529, 1532.

In a dissent joined by three other Justices, Justice Kagan addressed the issue that the majority declined to address. *Id.* at 1532 (Kagan, J., dissenting). Relying

14

on the language of Rule 68 to explain that courts have no power under that rule to

enter judgment on an unaccepted offer of judgment, Justice Kagan wrote:

> When a plaintiff rejects such an offer -- however good the terms -- her
> interest in the lawsuit remains just what it was before.  And so too
> does the court's ability to grant her relief.  An unaccepted settlement
> offer -- like any unaccepted contract offer -- is a legal nullity, with no
> operative effect.  As every first-year law student learns, the recipient's
> rejection of an offer leaves the matter as if no offer had ever been
> made.  Nothing in Rule 68 alters that basic principle; to the contrary,
> that rule specifies that an unaccepted offer is considered withdrawn.
> So assuming the case was live before -- because the plaintiff had a
> stake and the court could grant relief -- the litigation carries on,
> unmooted.

*Id.* at 1533-34 (citations, quotation marks, and alterations omitted).  Justice Kagan

admonished lower courts as follows: "So a friendly suggestion to the Third Circuit:

Rethink your mootness-by-unaccepted-offer theory.  And a note to all other courts

of appeals: Don't try this at home."  *Id.* at 1534.  Post-*Genesis Healthcare*

jurisprudence in both the circuit courts and the district courts has taken a favorable

view of Justice Kagan's dissent.  *See, e.g.*, *Jeffrey M. Stein, D.D.S., M.S.D., P.A. v.*

*Buccaneers L.P.*, 772 F.3d 698 (11th Cir. 2014).

　　　　Irrespective of the persuasive value of Justice Kagan's dissent, the Sixth

Circuit has, as discussed above, decided the issue, holding that an unaccepted offer

of judgment, such as the Offer made here, can moot a case.  *O'Brien*, 575 F.3d at

574.  This Court lacks the authority to render a decision contrary to the holdings of

the Sixth Circuit absent such precedent being overturned by the Supreme Court

15

itself. *See, e.g.*, *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 201)
(explaining that a published Sixth Circuit opinion is controlling authority and
binding on subsequent panels unless inconsistent with a Supreme Court decision).
In light of the *Genesis Healthcare* majority's express declination to address the
subject, this Court is bound by *O'Brien*.[10] It follows that the Court must reject
Plaintiff's contentions regarding Plaintiff's rejection of Defendants' Offer.

**B.    Effect of Mootness Finding on Class Claims**

Plaintiff's Complaint identifies the lawsuit as one that will eventually seek
class action certification.[11] However, Plaintiff did not file a Rule 23 motion for
class certification until June 16, 2014, approximately four months *after* Defendants
made their Rule 68 Offer. Because Plaintiff's case was rendered moot by

---

[10] The Honorable Avern Cohn of the United States District Court for the
Eastern District of Michigan has also confronted the mootness-by-unaccepted-offer
theory, and, finding himself constrained by Sixth Circuit precedent despite Justice
Kagan's dissent in *Genesis Healthcare*, dismissed the plaintiff's claims as moot.
*See Hanover Grove Consumer Housing Coop. v. Berkadia Commercial Mortgage,
LLC*, No. 13-13553, 2014 U.S. Dist. LEXIS 11918 (E.D. Mich. Jan. 31, 2014)
(unpublished).

[11] The proposed class includes:

(i) All persons with addresses in the State of Michigan (ii) to whom
letters in substantially the same form as Exhibit "A" were sent (iii) in
an attempt to collect a medical related debt incurred to William
Beaumont Hospital (iv) which were not returned undelivered by the
U.S. Post Office (v) during the one year period prior to filing of the
original complaint in this action through the date of certification.

(Pl.'s Class Certification Br. 1.)

16

Defendants' offer of complete relief in February of 2014, Plaintiff's federal case was over in February, prior to the filing of the class certification motion.

Although the Sixth Circuit did not have the occasion in *Hrivnak* to reach the issue of whether once a named plaintiff's claims are mooted through a Rule 68 offer of judgment prior to class certification, the uncertified class claims must be dismissed as moot, the Sixth Circuit has addressed the issue in other settings.  In *Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993), the Sixth Circuit explained:

> *Once a class is certified*, the mooting of the named plaintiff's claim does not moot the action, and the Court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists.  Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required.

*Id.* at 399 (emphases in original).  Other courts have reached a similar outcome, dismissing uncertified class actions following the dismissal of a named plaintiff's claims.  In a case presenting a similar procedural posture to this case, the Seventh Circuit held that an offer of judgment made to a named plaintiff prior to the filing of a class certification motion mooted not only the plaintiff's individual claims, but also the yet-to-be-certified class claims presented in the complaint.  *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011).  The court indicated that the fact "[t]hat the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court."  *Id.*  This is because "[t]o allow a case, not

17

certified as a class action . . . , to continue in federal court when the sole plaintiff

no longer maintains a personal stake defies the limits on federal jurisdiction

expressed in Article III." *Id.* (citations omitted).

The Court finds *Damasco*'s jurisdictional analysis persuasive.  When a

named plaintiff's claims become moot prior to the certification of a class, such as

Plaintiff's claims here, the plaintiff lacks any personal interest in representing

others in the action and the action must therefore be dismissed.[12]  Accordingly, the

---

[12] Defendants cite *Genesis Healthcare*, which held that "in the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this case[,]" as leading to this result.  133 S. Ct. at 1529.  *Genesis Healthcare* is not directly on point, as the case addressed the justiciability question in a collective action case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), not a Rule 23 class action.  Indeed, the Court noted that "Rule 23 actions are fundamentally different from collective actions under the FLSA[.]"  *Id.* at 1529.  Despite this distinction, however, the Court agrees that *Genesis Healthcare* is persuasive, particularly because Plaintiff does not argue, for instance, that FDCPA claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's interest expires."  *Id.*  Even if Plaintiff had made such an argument, however, the Court notes that in *Genesis Healthcare*, the Supreme Court held that its cases invoking the "inherenetly transitory" relation-back rationale did not apply because the "inherently transitory" rationale "was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course."  *Id.* at 1531.  "But this doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy."  *Id.*  Indeed, the Court expressly excluded claims seeking damages from conduct falling under the "effectively unreviewable" category.  *Id.* ("Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review[.]").  Thus, the cases on which Plaintiff relies invoking the inherently transitory rationale to in effect "save" putative class

Court does not have jurisdiction over the putative class claims, as Plaintiff no longer retains a sufficient stake in the litigation to represent the interests of the class she wishes to represent.

## IV.   CONCLUSION AND ORDER

For the reasons stated herein, the Court concludes that Defendants' Offer of Judgment mooted both Plaintiff's individual and class claims, thereby depriving this Court of jurisdiction over the action.  The Court therefore **GRANTS** Defendant's Motion and **DENIES** Plaintiff's motion for class certification pursuant to Rule 23.

Pursuant to the rule articulated in *O'Brien*, 575 F.3d at 575, the Court will enter judgment in favor of Plaintiff and against Defendants in accordance with the terms of Defendants' Rule 68 Offer of Judgment.  The Court retains jurisdiction over the limited issue of the amount of costs and fees to be awarded to Plaintiff by Defendants in the unlikely event the parties are unable to resolve the issue without resort to the judicial process.

Plaintiff may file a petition for costs and/or attorney's fees within twenty-one (21) days of the issuance of this Opinion and Order.  A response and reply may be filed in accordance with the Court's Local Rules.  If the parties stipulate to the

---

actions for statutory damages from being mooted by an offer of judgment are, at best, questionable.

19

costs and/or attorney's fees, the stipulation must be submitted to the Court within

twenty-one (21) days of the issuance of this Opinion and Order.

**IT IS SO ORDERED**.

Dated: March 27, 2015

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Adam S. Alexander, Esq.**
**Scott D. Owens, Esq.**
**Charity A. Olson, Esq.**