UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN SEBESTYEN,

    Plaintiff,

Case No. 2:13-cv-15182

v.

HONORABLE STEPHEN J. MURPHY, III

LEIKIN, INGBER, & WINTERS, P.C.,
and PAUL M. INGBER,

    Defendants.

_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [43], FINDING MOOT PLAINTIFF'S MOTION TO CERTIFY CLASS [42], AND DISMISSING THE CASE**

Five years ago, Plaintiff Carolyn Sebestyen received a letter that she claims violated the Fair Debt Collection Practices Act. Defendants moved to dismiss and Sebestyen moved to certify a class. The Court, Judge Patrick Duggan, resolved the motions and after a trip to and from the Sixth Circuit, Sebestyen and the Defendants are back with the same motions—but different arguments. For the reasons below, the Court will dismiss the case for lack of jurisdiction.

## **STANDARD OF REVIEW**

Defendants simultaneously move to dismiss the case under Rule 12(b)(1) and for summary judgment under Rule 56. *See* ECF 43, PgID 346. The sole basis of Defendants' Rule 12 motion is factual: they contend that Plaintiff has not pled an injury in fact and thus has not carried her burden to establish standing. Accordingly, when the Court reviews the argument it is empowered to consider "evidence outside of the pleadings, and has the

power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).

## BACKGROUND

Sebestyen racked up some medical bills from Beaumont Hospital and, in January 2013, she received a letter about them. The letterhead identified the law firm of Leikin, Ingber & Winters, P.C. ("Leikin") and it bore Paul Ingber's signature. The letter began with the following caption:

> Re: WILLIAM BEAUMONT, a Michigan Non-Profit Corp.
> Past Due Amount: $6,839.35
> Our File Number 3-328969

ECF 1, PgID 3–4; ECF 42-2. The letter explained that Beaumont retained Leikin to obtain payment from Sebestyen and it directed Sebestyen to mail her payment to Ingber's attention. The letter stated that if Sebestyen felt her insurance company was responsible for the payment being sought, it was her obligation to contact her insurance company. The letter recited the language that forms the matter in dispute:

> This debt will be assumed to be valid unless you dispute the validity of the debt or any portion thereof, within 30 days after you receive this letter. If you notify this office, in writing, within said 30 day period that you dispute all or any portion of the debt, I will then obtain verification of the indebtedness and forward a copy of such verification to you. Any information which you may provide to this office will be used to recover this indebtedness or resolve the matter as the case may be.
>
> If I do not hear from you, it will be assumed that you do not intend to settle this account voluntarily and appropriate action will be taken.
>
> This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

ECF 42-2.

Sebestyen filed suit later that year and the complaint hinges on a single, alleged shortcoming in the letter. She correctly notes that the FDCPA required Ingber's letter to

2

include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]" 15 U.S.C. § 1692g(a)(3); ECF 1, PgID 4, ¶ 20. The relevant portion of the letter stated, "If I do not hear from you, it will be assumed that you do not intend to settle this account voluntarily and appropriate action will be taken." Plaintiff concludes that the letter incorrectly stated who would assume the validity of the debt. ECF 1, PgID 4, ¶ 21.

## DISCUSSION

The parties' two motions put three matters before the Court: (1) standing, and hence, jurisdiction, (2) class certification, and (3) the merits of the case as pled. The Court must begin with the question of standing because without it, the Court lacks jurisdiction to take any action other than dismissal. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Article III of the U.S. Constitution limits federal courts' jurisdiction to cases and controversies. Thus, a party seeking relief in federal court must have standing to sue. *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 659 (6th Cir. 2011). At a minimum, the plaintiff must show three things to demonstrate standing: (1) she has suffered an injury in fact "that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) her injury is "fairly traceable to the challenged action of the defendant," and (3) the injury will likely be redressed by a favorable decision. *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000)).

Consumer protection statutes like the one in this case can pose a particular standing problem. The FDCPA requires debt collectors to include certain information in

their correspondence with debtors and it empowers consumers to bring a private action against a "debt collector who fails to comply with any provision" of the FDCPA. 15 U.S.C. § 1692k(a). An individual plaintiff who sues under the subsection can recover actual damages and up to $1,000 in "additional damages as the court may allow." And the cap increases for class actions. *Id.* But the Supreme Court explained in *Spokeo, Inc. v. Robins* that "Article III standing requires a concrete injury even in the context of a statutory violation" and thus "a bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement. 136 S. Ct. 1540, 1549 (2016).

In the wake of *Spokeo*, courts have looked more carefully at the alleged injuries of FDCPA plaintiffs. For instance, in *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018), the defendant reported plaintiffs' debts to credit agencies, but failed to mention that the debts were disputed—a violation of the FDCPA. The plaintiffs sued on the basis of the omission and a panel of the Seventh Circuit found they had standing specifically because they alleged that the omission carried the real risk of credit reporting agencies lowering their credit scores. *See id.* at 346. In *Zirogiannis v. Seterus, Inc.*, the plaintiffs alleged that defendants inaccurately reported the amount of a debt. A panel of the Second Circuit concluded that the plaintiffs pled a "material risk of harm," and thus had standing, because underreporting the amount of the debt put the plaintiff in a "materially greater risk of falling victim to 'abusive debt collection practices[.]'" 707 F. App'x 724, 727 (2d Cir. 2017) (quoting *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003)). On the other hand, Plaintiffs who have not pled a particular injury have had their cases dismissed. *See, e.g.*, *Gathers v. CAB Collection Agency, Inc.*, No. 3:17-cv-261-HEH, 2017 WL 2703686, at *3–4 (E.D. Va. June 22, 2017) (noting that

4

"conspicuously absent" from the complaint was "any allegation that Plaintiff suffered any actual harm").

The standard for making these distinctions, however, has not been uniform. Several courts have concluded that the FDCPA's conferral of a "right to be free from abusive collection practices" means that a plaintiff need only plead that the letter she received was false, deceptive, or misleading—and no further harm need be mentioned. *See, e.g.*, *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-CV-1349-J-34PDB, 2016 WL 4369424, at *11 (M.D. Fla. Aug. 16, 2016) (citing *Spokeo*, 136 S. Ct. at 1554 (Thomas, J., concurring)). Other courts have focused on a consumer's statutory entitlement to information and thus have found a concrete injury when the consumer is deprived of the information. *See Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. 2016) (finding standing solely because the FDCPA created a "new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures"); *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, No. CV PX-16-1053, 2016 WL 6803775, at *7–8 (D. Md. Nov. 17, 2016) (finding standing based on an "informational injury," though reasoning in the alternative that the deprivation can present a material risk that the consumer will inadvertently waive protections of the statute); *see also Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, at *5 (C.D. Ill. Oct. 7, 2016) (finding standing when a letter failed to disclose that the collection of the debt was not legally enforceable).

Following briefing in this case, the Sixth Circuit provided some clear guidance on the issue in *Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018). There, the plaintiffs worked out a deal to avoid foreclosure on their home and received a letter from a law firm

5

that confirmed they had nothing to fear. Nevertheless, they sued the law firm on the grounds that the letter did not disclose that the sender was a debt collector, as required by another portion of the FDCPA, 15 U.S.C. § 1692e(11). The plaintiffs, however, failed to plead (or prove) that they sustained any actual injury beyond not getting the disclosure information. For that reason, the court concluded they lacked standing, and specifically rejected the notion that FDCPA claimants need only plead that Congress "has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures." *Id.* at 622.

Perhaps seeing the writing on the wall following the *Hagy* decision, Sebestyen filed a notice of supplemental authority here. In it, she explained that the Seventh Circuit decided a different case in 2016 that "is directly on point with this case and distinguishable from the Sixth Circuit's recent holding in *Hagy*[.]" ECF 51, PgID 497. In *Marquez v. Weinstein, Pinson & Riley, PS*, the plaintiffs received a debt-collection letter and then a summons for a lawsuit arising from the debt. The plaintiffs filed a separate, FDCPA suit challenging the language used in the complaint, but the district court granted the defendants' 12(b)(6) motion because it found that the disputed portion of the complaint "was not misleading or deceptive as a matter of law[.]" 836 F.3d 808, 810 (7th Cir. 2016). The Court of Appeals reviewed the language, concluded otherwise, and reversed.

That case has little bearing on the question of standing. For one, the Seventh Circuit did not even address standing in its opinion, much less the strictures of the *Spokeo* holding that had been released just a few months before. Moreover, the facts are inapposite to those here. In *Marquez*, the complaint stated, "the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty

6

(30) days from the date hereof." *Id.* at 810. The court concluded that because the language appeared in a complaint, the phrasing might mislead a consumer to think that the court would assume the debt was valid. *Id.* at 814. Although the instant case arises from a similar alleged misstep—a regrettable use of the passive voice—it is not otherwise comparable to *Marquez*.

Despite a difference in facts, the *Hagy* holding is directly applicable to the present case. At its core, *Hagy* affirms that a plaintiff must do more than assert that a defendant has not followed the letter of the FDCPA. There must also be a concrete or imminent injury. Here, Sebestyen has not pled anything close to such an injury: no change in credit score, no resulting anxiety, no forbearance in future actions. In fact, she does not even allege that she found the letter confusing. In other words, it is precisely the case described in *Hagy*.

Sebestyen has failed to carry her burden in establishing the court's jurisdiction because she has failed to plead an injury in fact. Accordingly, the Court must grant Defendants' motion and dismiss the case for lack of jurisdiction. Sebestyen's motion to certify class is therefore moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss [43] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class [42] is **MOOT**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: June 19, 2018                                    United States District Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 19, 2018, by electronic and/or ordinary mail.

<u>s/David P. Parker</u>
Case Manager